IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OSCAR R. GUAJARDO, CESAR MORAN, TROY PETTY, SANTIAGO SALGUERO-JIMENEZ, BUIMARO VICTORIA, CARLOS VILLANUEVA, JOSE ZAMORA, AND FAUSTO NEJERA,** | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:12-CV-815-L** |
| **AIR EXPRESS INTERNATIONAL, USA, INC. & DANZAS CORPORATION d/b/a DHL GLOBAL FORWARDING,** | § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Dismiss (Doc. 7) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, filed on May 21, 2012. After carefully reviewing the motion, briefing, pleadings, record, and applicable law, the court **grants** Defendants' Motion to Dismiss and **dismisses with prejudice** all of Plaintiffs' claims except for the retaliation claim asserted by Carlos Villanueva ("Villanueva"). The court further determines that the remaining retaliation claim by Villanueva should be consolidated with Civil Action No. 3:11-CV-2581-L, styled *EEOC v. Air Express International USA, Inc. and Danzas Corporation d/b/a DHL Global Forwarding.*

**I.     Introduction**

Defendants seek dismissal of a majority of Plaintiffs' Title VII and Texas Labor Code employment law claims asserted in this action on the grounds that the court previously denied, on December 21, 2011, a motion to intervene filed by the same Plaintiffs in related Civil Action No. 3:11-CV-2581, in which the Equal Employment Opportunity Commission ("EEOC") brought claims based on national origin harassment and discrimination against Defendants on behalf of the same Plaintiffs in this case. Defendants contend that, except for a new retaliation claim by Villanueva that they do not seek dismissal of, the claims asserted in this case are all based on virtually identical factual allegations as those in the case brought by the EEOC. Relying on *Frank's Nursery and Crafts, Incorporated*, 177 F.3d 448 (6th Cir. 1999), and *EEOC v. Waffle House, Incorporated*, 534 U.S. 279 (2002), Defendants argue that all of Plaintiffs' claims in this case, except for Villanueva's retaliation claim, must be dismissed because the court previously denied Plaintiffs' motion to intervene and Title VII does not provide employees with a private right of action when the EEOC has filed a lawsuit on their behalf. *Id*. at 281 (holding that an "employee has no independent cause of action, although the employee may intervene in the EEOC's suit").

Plaintiffs counter that neither of the cases cited by Defendants involved a situation such as this where the EEOC filed suit and subsequently authorized an aggrieved individual to bring suit by issuing a right-to-sue letter. Plaintiffs further contend they are entitled to bring this lawsuit because Title VII does not preclude an aggrieved individual from bringing suit when the EEOC issues a right-to-sue notice after bringing suit. Even if Plaintiffs are precluded from filing suit individually, they argue that it would be inappropriate to dismiss their state law employment claims and Villanueva's retaliation claim that were not included in the suit brought by the EEOC.

**Memorandum Opinion and Order - Page 2**

## II.     Standard for Rule 12(b)(1) - Lack of Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark*

**Memorandum Opinion and Order - Page 3**

*v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

Standing is inextricably intertwined with jurisdiction and "raises the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues. Standing is a jurisdictional requirement that focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000) (citation omitted). As a general rule, standing must exist at the time an action is filed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n. 4 (1992); *Pederson*, 213 F.3d at 870.

To establish standing, a plaintiff must satisfy constitutional and prudential requirements for standing. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir.2001). For constitutional standing, there must be: (1) injury in fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) the likelihood of redressability. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). Prudential standing requirements address:

> [(1)] whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, [(2)] whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and [(3)] whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.

*St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (internal quotations and citations omitted).

### III.     Analysis

Plaintiffs' contention that the EEOC's issuance of right-to-sue notices revived their right to sue even though the EEOC has already brought suit on the same claims and conduct is not supported by case law or Title VII. Title VII contemplates two distinct situations in which a private party is authorized to bring suit in federal district court. *Whitehead v. Reliance Ins. Co.*, 632 F.2d 452, 455 (5th Cir. 1980). *Whitehead* describes these two situations as follows:

> The first is when [the private party] is notified that the EEOC has completed its administrative processes and decided, for whatever reason, not to file suit. The second is when, though the EEOC has not indicated that its efforts have concluded, the private party has waited more than 180 days from the filing of the charge and is dissatisfied with the process made by the EEOC in processing his charge.

*Id*. at 457 (emphasis added). Here, the EEOC filed suit. Plaintiffs are therefore precluded from bringing such a suit and are limited to intervening in the EEOC's action. *See* 42 U.S.C. § 2000e-5(f)(1) (1998); *Frank's Nursery*, 177 F.3d at 456. Moreover, the right-to-sue notices submitted by Plaintiffs as evidence indicate that they were issued by the EEOC at Plaintiffs' request, and the EEOC is continuing to process the charges. For this reason and because the EEOC chose to file suit based on Plaintiffs' charges, the court concludes that the right-to-sue notices do not terminate the EEOC's right of enforcement or permit Plaintiffs to file suit under the circumstances.

The court further disagrees with Plaintiffs' unsupported contention that they are entitled to pursue their state law employment claims in a separate action. Plaintiffs do not dispute that, except for Villanueva's retaliation claim, their state employment claims in this action are based on the same factual allegations as those in the case brought by the EEOC. Moreover, the law governing Plaintiffs' claims under the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 *et seq*. and Title VII is identical. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2

(5th Cir. 1999). "Texas courts look to analogous federal law in applying the [TCHRA]." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010) (footnote and citations omitted). Accordingly, the court concludes that allowing Plaintiffs to pursue such claims in a separate action would undermine Title VII's preclusion of actions based on the same charge conduct. For these reasons, the court determines that Plaintiffs do not have standing to bring this action to assert the state and federal employment claims at issue. Having determined that Plaintiffs lack standing, the court does not address whether they have failed to state a claim under Rule 12(b)(6).

**IV.   Conclusion**

For the reasons herein stated, the court **grants** Defendants' Motion to Dismiss and **dismisses with prejudice**[*] all of Plaintiffs' claims, except for the retaliation claim asserted by Carlos Villanueva. Rather than proceed with only Villanueva's retaliation claim in this action, the court determines that it will be more efficient to consolidate this action and Villanueva's retaliation claim with the earlier filed related case brought by the EEOC. Accordingly, this case is hereby **closed** and **consolidated** with Civil Action No. 3:11-CV-2581, styled *EEOC v. Air Express International USA, Inc. and Danzas Corporation d/b/a DHL Global Forwarding*. **Henceforth, all pleadings filed in this action shall be filed under Civil Action No. 3:11-CV-2581, styled *EEOC v. Air Express International USA, Inc. and Danzas Corporation d/b/a DHL Global Forwarding*, and shall bear**

---

[*] Dismissal for lack of subject matter jurisdiction or standing is usually without prejudice, while dismissal for failure to state a claim is with prejudice. *Sepulvado v. Louisiana Bd. of Pardons and Parole*, 114 F. App'x 620, *2 (5th Cir. 2004). There are instances, however, where a dismissal for lack of standing is with prejudice. *See, e.g., Baton Rouge Building and Constr. Trades Council AFL CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986) (affirming district court's dismissal with prejudice based on lack of standing); *Westfall v. Miller*, 77 F.3d 868 (5th Cir. 1996) (same). Dismissal with prejudice is proper under the facts of this case because as previously noted, the EEOC has filed suit as to these claims, and Plaintiffs are therefore precluded from bringing such a suit and are limited to intervening in the EEOC's action. *See* 42 U.S.C. § 2000e-5(f)(1) (1998); *Frank's Nursery*, 177 F.3d at 456.

**Memorandum Opinion and Order - Page 6**

the legend "**Consolidated with Civil Action No. 3:12-CV-815-L.**" The clerk of the court is **directed** to **close** this case and docket this opinion and order under both cases herein referenced.

**It is so ordered** this 16th day of July, 2012.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge